IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GROOVE DIGITAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KING.COM, LTD., KING.COM INC., and KING.COM (US) LLC,<br><br>Defendants. | Civil Action No. 1:18-cv-00836-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 10). The Parties have briefed the issues. (D.I. 11, 14, 15). For the reasons set out below, Defendants' motion is **GRANTED-IN-PART**.

Plaintiff filed its Complaint on June 4, 2018. (D.I. 1). It alleges Defendants' *Candy Crush Saga*, *Candy Crush Soda Saga*, and *Bubble Witch 2 Saga* games ("Accused Products") infringe all the claims of U.S. Patent No. 9,454,762 ("'762 Patent). (*Id.* at ¶ 9). Specifically, Plaintiff alleges that Defendants directly, indirectly, jointly, and willfully infringe the Patent. (*Id.* at ¶¶ 16-29). The '762 Patent covers a "system and method for delivering and serving local content and advertisements to an end user on a network, including wired and wireless networks." ('762 Patent at 1:13-16).

### I. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## II. DISCUSSION

Defendants argue that every claim in the Complaint fails to meet the pleading standard. I largely disagree and find that the Complaint is almost entirely sufficient. However, Defendants are correct that Plaintiff failed to sufficiently plead a claim of willful infringement.

### A. Sufficiency of Allegations Against Each Defendant

The Complaint sufficiently asserts each Defendant's role in the alleged infringement. Defendants argue that the Complaint's use of "King" to refer collectively to the various King entities amounts to a failure to allege individual liability. (D.I. 11 at 6-8). However, a complaint that collectively refers to defendants meets Rule 8's pleading standard if "it can be reasonably inferred that each and every allegation is made against each individual defendant." *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 53-54 (D. Mass. 2014). Plaintiff specifically identifies Defendant King.com, Ltd. as committing certain allegedly infringing acts in Paragraph

2

9 of the Complaint. (D.I. 1). Plaintiff goes on to allege specific acts of Defendants King.com, Inc. and King.com (U.S.), LLC in Paragraph 10. (*Id.*). Those factual allegations are sufficient to support an inference that all three King Defendants engaged in the alleged infringing conduct. Thus, Plaintiff has sufficiently pled claims against each of the three defendants.

### B. Direct Infringement

The Complaint adequately alleges direct infringement. To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* In the Complaint, Plaintiff identifies specific Accused Products which it alleges directly infringe the claims of the '762 Patent. (D.I. 1 at ¶¶ 18-19). "[It] describes the overall purpose of the invention and describes the elements of the claims, including the claimed use of push notifications to deliver browser-independent content to a networked device." (D.I. 14 at 7). In the infringement count specifically, Plaintiff identifies the Accused Products, identifies the asserted claims, and explains the basis of the infringement allegation. (*See* D.I. 1 at ¶¶ 16-29). Those allegations, when read with the rest of the Complaint, sufficiently describe how the Defendants' Accused Products allegedly infringe the claims.[1]

### C. Induced Infringement

The Complaint plausibly states a claim for induced infringement. Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possesses specific intent to encourage

---

[1] Defendants argue that Plaintiff should have included screenshots and more detailed infringement contentions (D.I. 11 at 10-12). That level of specificity may be helpful at the pleading stage, but it is not what Rule 8 requires.

3

another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). Pre-suit knowledge is not required to plead a claim of induced infringement. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012). To plausibly plead intent, a complaint must contain facts "showing that [the alleged indirect infringer] specifically intended [the direct infringers] to infringe [the patent]." *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability. Moreover, the Complaint contains sufficient factual allegations to support an inference of specific intent. (*See e.g.*, D.I. 1 at ¶ 25 ("King encourages continued direct infringement of the ... claims of the '762 Patent by at least widely publicizing its Accused Products and providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.")). Thus, Plaintiff's allegations are sufficient to support a claim of induced infringement.

## D. *Contributory Infringement*

The Complaint plausibly states a claim for contributory infringement. A plaintiff sufficiently pleads contributory infringement when it asserts that a defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) [others] directly infringed." *Walker Digital, LLC*, 852 F. Supp. 2d at 567. Plaintiff's allegation of contributory infringement reads:

> King contributes to direct infringement of the asserted claims of the '762 Patent by *providing game players with the necessary software* and instructions to operate the Accused Products, including the downloading of applet applications for the delivery and display of browser-independent content. The software and instructions are not staple articles of commerce and have *no substantial non-infringing uses*. They are specifically designed to work with the Accused

4

> Products and their *only purpose is to operate in a manner that directly infringes* the asserted claims of the '762 Patent.

(D.I. 1 at ¶ 28 (emphasis added)). This clearly alleges each of the unique components of a contributory infringement claim. Moreover, knowledge of the patent and of infringing use are sufficiently established via the filing of the complaint. Thus, when read in combination with the rest of the Complaint, this claim is sufficient.

### E. Joint Infringement

"In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011). Plaintiff alleges that the King Defendants acted jointly with their customers: "King induces continued infringement by at least *encouraging and instructing game players to perform some or all of the claimed steps*, while in certain instances *performing certain of the steps itself* in coordination with such performance by game players. (D.I. 1 at ¶ 26 (emphasis added)). This is sufficient to permit a reasonable inference that Plaintiff has a "plausible claim for relief" with respect to its claim for joint infringement. *See Iqbal*, 556 U.S. 678-79. Thus, I will deny Defendants' request that I dismiss this claim.

### F. Willful Infringement

The Complaint fails to sufficiently state a claim for willful infringement. "[T]o state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *10-12 (D. Del. May 29, 2018) (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017), *cert. dismissed*, No. 17-

804, 2018 WL 3978434 (U.S. Aug. 17, 2018)). The complaint alleges only post-filing knowledge of the alleged infringement. (D.I. 1 at ¶ 29). Thus, it fails to meet the pleading standard for willful infringement which requires allegations of willful conduct prior to the filing to the claim. I will grant Defendants' motion to dismiss Plaintiff's willful infringement claims.

### III. CONCLUSION

The Complaint adequately pleads claims of direct infringement, induced infringement, contributory infringement, and joint infringement against each Defendant. However, the Complaint fails to sufficiently plead a claim of willful infringement. Thus, Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 10) is **GRANTED-IN-PART**. Plaintiff's willful infringement claims are dismissed without prejudice.

Entered this 26 day of November 2018.

*Richard G. Andrews*
United States District Judge